IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID L. BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>(1) SARAH PARKER, Records Officer for the Oklahoma Department of Corrections,<br>(2) EMMA WATTS, Warden for the Oklahoma Department of Corrections,<br>(3) JIM RABON, Sentence Administrator for the Oklahoma Department of Corrections, and<br>(4) JUSTIN JONES, Director of the Oklahoma Department of Corrections,<br><br>    Defendants. | Case No. CIV-12-096-RAW |

## ORDER

On January 13, 2014, this court entered an Order that, *inter alia*, alerted the parties to its inclination toward granting summary judgment to Defendants pursuant to Federal Rule of Civil Procedure 56(f)(1) based on Oklahoma law that does not allow courts to award credits to inmates [Docket No. 39]. The court gave Plaintiff an opportunity to respond. The court later gave Plaintiff an extension of time until February 5, 2014 to respond. Plaintiff did not respond by that date. On February 11, 2014, Plaintiff instead filed a motion to disqualify [Docket No. 42].

Plaintiff states that it is his opinion that this court is biased and prejudiceed against him because of his race and because he is proceeding in this case as a *pro se* litigant. Plaintiff provides no evidence of any such bias or prejudice. He argues that other federal judges within the district hold the same bias and prejudice. Again he provides no evidence.

Plaintiff attaches an Order entered by this court dismissing another case and a Minute Order entered in this case directing him to file a supplement to his current motion with the declaration referenced in said motion.  He also refers to the January 13, 2014 Order noted above.  It is well established that "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion,' and neither do 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" ClearOne Commc'ns, Inc. v. Bowers, 509 Fed.Appx. 798, 802 (10th Cir. 2013) (citing Liteky v. United States, 510 U.S. 540, 555 (1994)).

This court holds no bias against Plaintiff based on his race, his status as a *pro se* litigant, or any other reason.  Plaintiff has produced no evidence suggesting such a bias.  This court's rulings are based on law and fact, do not display any favoritism or antagonism, and are not a valid basis for Plaintiff's motion to disqualify.  Accordingly, the motion to disqualify [Docket No. 42] is DENIED.

**SUMMARY JUDGMENT**

As to Plaintiff's motion for partial summary judgment [Docket No. 35], it is DENIED for the reasons stated in this court's January 13, 2014 Order.  Specifically, Plaintiff was not held beyond the expiration of his sentence.  Plaintiff claims that he was illegally detained in prison three months past the expiration of his sentence in violation of his due process and Eighth Amendment rights.  Defendants have argued that under Oklahoma law, Plaintiff was not, in fact, held beyond the expiration of his sentence.  The court agrees.

**Undisputed Material Facts**[*]

Plaintiff served two concurrent sentences with the Oklahoma Department of Corrections (hereinafter "the DOC"), one from a criminal conviction in Tulsa County, the other in Muskogee County. Docket No. 22, Exh. 1. Each sentence was for two (2) years. Id. Plaintiff's Tulsa sentence began on January 13, 2011. Id. Plaintiff's Muskogee sentence began on February 16, 2011, and pursuant to an amended order from the Muskogee County District Court, was to run concurrent with the Tulsa sentence. Docket No. 22, Exh. 6, p. 2-3.

On September 2, 2011, the Muskogee County District Court issued a second amended order again stating that the Muskogee sentence was to run concurrent with the Tulsa sentence. Docket No. 22, Exh. 6, p. 4-5. On October 3, 2011, the Muskogee County District Court issued a third amended order adding that Plaintiff was to be released upon completion of the Tulsa sentence. Docket No. 22, Exh. 6, p. 6-7 (emphasis added).

Based on earned credits and time served, Plaintiff's Tulsa sentence expired on September 27, 2011. Docket No. 22, p. 6 9. Plaintiff was released on December 23, 2011. Docket 22, Exh. 4, p.2.

**Oklahoma Law**

"The Oklahoma Legislature has granted the Department of Corrections the sole and exclusive power to operate the state prisons." Warnick v. Booher, 144 P.3d 897, 900

---

[*]For clarity and consistency herein, when the court cites to the record, it uses the page numbers assigned by CM/ECF.

3

(Okla. Crim. App. 2006) (citing 57 OKLA. STAT. § 500, *et seq.*).  As a function of operating the prisons, the DOC has the sole authority to award and reduce credits throughout an inmate's period of incarceration.  57 OKLA. STAT. § 138.

An Oklahoma court may enter a judgment and sentence to run concurrently with another sentence; however, a concurrent sentence "shall not affect the credits allowed under Section 138 of Title 57."  21 OKLA. STAT. § 61.1.  In fact, when a court imposes a sentence, "[t]he only expectation of finality in the sentence is that an inmate will not have to serve more time than the full sentence imposed."  Warnick, 144 P.3d at 901.  "Due to the ongoing accumulation and/or reduction of credits throughout an inmate's period of incarceration, there is no expectation of finality in the sentence or that the prison sentence will be discharged short of the term set forth in the formal judgment and sentence."  Id.

The third amended order stated that Plaintiff was to be released upon completion of the Tulsa sentence.  As Oklahoma courts do not have authority to affect credits awarded pursuant to section 138, the third amended order had no practical effect.  The only expectation was that Plaintiff would not have to serve more than the full sentence imposed.  Id.  Plaintiff was sentenced to two years in Tulsa beginning January 13, 2011, and two years in Muskogee beginning February 16, 2011.  He was released on December 23, 2011, less than one year from the imposition of both sentences.

Plaintiff was not, in fact, held beyond the expiration of his sentence.  Based on this, the court notified Plaintiff of its inclination toward granting summary judgment to nonmovants, Defendants, pursuant to Federal Rule of Civil Procedure 56(f)(1).  The court gave Plaintiff and a reasonable opportunity to respond.  Plaintiff did not respond.

Accordingly, the court now grants summary judgment to Defendants. This action is hereby dismissed.

**CONCLUSION**

The motion to disqualify [Docket No. 42] is DENIED. Plaintiff's motion for partial summary judgment [Docket No. 35] is DENIED. Since under Oklahoma law Plaintiff was not held beyond the expiration of his sentence, the court hereby grants summary judgment to Defendants pursuant to Federal Rule of Civil Procedure 56(f)(1).

IT IS SO ORDERED this 4th day of March, 2014.

**Dated this 4th day of March, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma